AlbxaNdbe Del Giorno, J.
These are two motions, one by the third-party defendant, Behrer-Nason Company, Ine., referred to herein as the landlord-claimant, to dismiss the third-party complaint filed against it by the General Foods Corporation, referred to herein as the tenant-claimant, and the other, a cross motion by the tenant-claimant for an order directing that the two claims herein be consolidated into one action, or directing the joint trial without consolidation, or directing interpleader of the two claimants.
The landlord-claimant, Behrer-Nason Company, Inc., was the owner of an improved parcel of land at 320 Westchester Avenue, Harrison, New York, which it leased to tenant-claimant for a term of five years commencing July 1, 1955 and ending June 30, 1960. The rental was $7,000 for the first year and $10,000 for each year thereafter or $833.33 per month.
With the consent of the landlord on May 11, 1956, the tenant-claimant sublet the entire premises to Fund for Adult Education at $1,000 per month. At the expiration of the sublease, the Fund for Adult Education continued at the same rental as a tenant from month to month.
The State appropriated said premises on April 18, 1957, by filing its appropriation map in the office of the Clerk of Westchester County.
The State served a notice to quit the premises on both claimants and Fund for Adult Education on August 30, 1957, requiring that the premises be vacated by October 15, 1957, which was¡ complied with by all parties.
According to the papers filed on these motions, it appears that General Foods Corporation, the tenant-claimant, paid its rent of $10,000 per year to the end of October, 1957, while it received its rent of $1,000 per month from Fund for Adult* Education.
The claim of the tenant-claimant is for tRe value of the unexpired term of the lease.
By an order made by Squire, J., dated April 20, 1959, the State of New York was permitted to file a counterclaim against the tenant-claimant in which the State demands that the judgment be entered against the tenant-claimant for the amount of rent collected from the 17th day of April, 1957 to date.
The filed papers also indicate that á like counterclaim with the same demand, was served upon the landlord-claimant.
Thereafter the tenant-claimant served upon the landlord-claimant a third-party complaint demanding against the landlord-claimant judgment over for any sums heretofore paid by tenant-claimant to the landlord-claimant which may be recovered *295 by tbe State against tbe tenant-claimant or, in tbe alternative, that tbe respective claims of both claimants be consolidated or be tried jointly for a complete determination of all claims alleged therein (meaning tbe claims proper, tbe counterclaims and tbe tbird-party complaint), or that tbe two claimants be interpleaded.
These are tbe facts giving rise to tbe present motions.
It seems from tbe pleadings and affidavits before tbe court that this controversy has arisen because tbe State has filed separate counterclaims with tbe same money demand against each of tbe claimants.
Tbe indefiniteness of tbe demand in tbe counterclaim seems to be tbe main concern of the tenant-claimant.
Tbe counterclaim demands a money judgment for rents collected from April 17, 1957 to date. It requires simple logic to interpret that to date does not mean that tbe State can or will collect for rent after the month of October, 1957, when it took complete possession of tbe premises involved. Words do not alter tbe facts nor can they distort tbe true course of justice.
It appears that because of tbe uncertainties raised by tbe counterclaims, tbe tbird-party complaint was served. This complaint asks for tbe relief mentioned. Tbe question raised is whether tbe complaint should stand or be dismissed, and if so, whether tbe rights of tbe parties will be preserved.
Tbe two claimants are corporate entities, neither of which is the State of New York. Upon tbe above facts tbe court is requested to assume jurisdiction and determine whether one claimant may be entitled to recover a money judgment by way of judgment over against tbe other. Tbe court decides that tbe rent collected or due between tenant and landlord is a matter in personam and does not affect tbe leasehold.
Moreover, to this court it seems evident that there are complete and sufficient pleadings in tbe case as it stands to insure tbe complete disposition of tbe claims and counterclaims of all parties without having recourse to tbe tbird-party complaint.
Thus, under tbe circumstances of this case, to accede to tbe request of tbe tenant-claimant, tbe court would be providing for subdivision 6 of section 9 of the Court of Claims Act an interpretation wide of its true meaning and purpose. It may not here grant a judgment over in favor of tbe tenant-claimant as against tbe landlord-claimant for tbe rent paid by tbe first to tbe latter for the period of April 17,1957 to October 15, 1957. There are times when the interests of tbe parties are so entwined that this court would be required to assume jurisdiction which is granted to it by section 193-a of tbe Civil Practice Act and *296 thus apply subdivision 6 of section 9 of the Court of Claims Act in order to insure that justice he done as well as avoid a multiplicity of suits. This is not the case here. The issues are all before the court on the papers filed without recourse to the third-party complaint. (Melnick v. Jewish Nat. Workers’ Alliance of America, 21 N. Y. S. 2d 98, 99.)
At the trial the parties will undoubtedly produce records and witnesses as to whether rents were paid and collected and how much by each for the period in question. The court will determine who will be the one of the two claimants, if either, who must pay. That amount will be deducted from its claim and the issues will thus be resolved; or it may be that each may be found to owe a certain amount, according to the evidence which should be presented.
However, the request of the tenant-claimant for consolidation of both claims is granted in order that all the issues be determined at once.
Consequently, the cross motion of the tenant-claimant is granted as to that part which prays for consolidation of both claims, and the motion of the landlord-claimant to dismiss the complaint is granted in all other respects.
Submit orders on notice accordingly.